Loew, J.
The attachment in this case was issued on the ground that one of the defendants does not reside in this State. The fact of such non-residence is not disputed, and as the affidavit upon which the attachment was obtained in other respects comes up to the requirements of the Code, I do not see how this motion can be granted.
The referee and counsel appear to have acted in this matter upon the assumption that the case was to be tried on its merits, whereas it would seem that a reference was ordered only for the purpose of taking proofs in respect to the facts going to sustain or defeat the attachment. It may be that the referee is correct,. and that no cause of action exists in favor of the plaintiffs against the defendants, but that question cannot be tried in this summary mode, but must be disposed of in the regular way on the trial. Were the rule otherwise, the cause would in effect be tried on its merits on a mere motion to vacate the attachment.
*409 Nor do I think that the court has the power to discharge the attachment, upon the defendants giving nominal security, as was claimed by their counsel on the argument. Before they are entitled to an order directing that the attachment be discharged, they must give security in double the amount of plaintiffs’ claim ; or, if the claim be greater than the value of the property attached, they may obtain an order directing that the same be appraised, and then cause to be executed an undertaking in double the amount so appraised {Code, §§ 240, 241). This may prove a hardship in cases where the defendant is unable to furnish the requisite security, and it finally turns out, as is claimed in this case, that no cause of action exists against the defendants; but I see no other way in which the attachment can be discharged before trial and judgment {Code, § 239), inca
case like the present.
Motion denied.